WILLIAMS v KAMIN

Docket No. 79988. Submitted April 2, 1986, at Lansing. Decided May 6, 1986.

John E. Williams, Jr., as trustee in bankruptcy of Chem-Tech Laboratories, Inc., and Chem-Tech Laboratories, Inc., filed suit against David Kamin, D.C., a chiropractor, in Wayne Circuit Court to recover allegedly fraudulent payments made by Chem-Tech to defendant. The action was submitted to mediation and a mediation award was rendered in favor of plaintiffs in the amount of $7,500. Defendant failed to file a rejection of the mediation award within forty days as required by the Wayne Circuit Court Rules. The failure to file a rejection constituted acceptance of the award. A judgment was submitted by plaintiffs to Chief Judge Richard D. Dunn and was signed and entered. Defendant brought a motion before Judge Dunn to set aside the judgment and to allow a late filing of a rejection of the mediation award. The motion was denied. Defendant appealed. *Held:*

1. Defendant's motion to set aside judgment was properly considered by Chief Judge Dunn rather than the assigned pretrial judge.

2. Judge Dunn did not abuse his discretion in denying defendant's motion to set aside the judgment on the ground of excusable neglect based upon defense counsel's unfamiliarity with the local court rules. Defense counsel's failure to timely reject the award did not constitute excusable neglect.

Affirmed.

1. Motions and Orders — Relief From Judgment.

A motion to set aside a judgment or order should be considered,

References

Am Jur 2d, Arbitration and Award §§ 36-47.

Appealability of state court's order or decree compelling or refusing to compel arbitration. 6 ALR4th 652.

State court's power to consolidate arbitration proceedings. 64 ALR3d 528.

Appealability of judgment confirming or setting aside arbitration award. 7 ALR3d 608.

λ

to the extent possible, by the judge who entered the judgment or order.

2. ARBITRATION — REJECTION OF AWARD — TIMELINESS — JUDGMENTS — RELIEF FROM JUDGMENT — EXCUSABLE NEGLECT.

An attorney's failure under local court rules to timely reject a mediation award does not constitute excusable neglect justifying the setting aside of the judgment affirming the award where the attorney understood that local procedure applied.

*Foster, Swift, Collins & Coey, P.C.* (by *Philip T. Carter* and *Thomas L. Lapka*), for plaintiffs.

*John F. Mills,* for defendant.

Before: GILLIS, P.J., and R. B. BURNS and G. B. FORD,* JJ.

PER CURIAM. This case arises from plaintiffs' suit against defendant to recover allegedly fraudulent payments made by Chem-Tech to defendant. The action was filed in Wayne Circuit Court in 1981 and defendant defended primarily on the basis of the running of the period of limitations.

The action was submitted to mediation in 1984. A mediation award was rendered in the amount of $7,500. Defendant failed to file a rejection of the mediation award within forty days as required by the local court rule, WCCR 403.7(e). By the terms of WCCR 403.15(a), the failure to timely reject constituted acceptance. The Wayne County practice differed from GCR 1963, 316.6(h)(1), in which a failure to accept constituted rejection. Current practice under MCR 2.403(L)(1) follows the Wayne County method of failure to reject constituting acceptance.

In accordance with defendant's failure to reject, a judgment was submitted by plaintiffs to then Chief Judge Richard D. Dunn. A judgment was

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

entered in favor of plaintiffs on June 19, 1984. Defendant then brought a motion before Judge Dunn to set aside the judgment and to allow a late filing of a rejection of the mediation award. The motion was denied. Defendant now appeals and we affirm.

We first address the question of whether a chief circuit judge has the authority to rule on a motion to set aside the judgment where the case had been assigned to a different judge. Apparently it was the practice of the Third Judicial Circuit to have the chief judge enter all judgments pursuant to a mediation award acceptance. Similarly, motions to set aside those judgments were also brought before the chief judge.

This Court has recently held that a chief judge is without authority to consider a motion to set aside a judgment based upon a mediation acceptance. *Muntean v Detroit,* 143 Mich App 500; 372 NW2d 348 (1985). In *Muntean,* the defendant failed to timely reject a mediation award and, pursuant to the above-mentioned Wayne County court rules, judgment was entered against it by the chief judge. Prior to the entry of the judgment, the defendant brought a motion before the assigned pretrial judge to set aside the acceptance of the mediation award. The assigned judge denied the motion, believing such a motion could not be entertained until after judgment was entered.[1] Following entry of judgment, defendant brought a motion before the chief judge to set aside the judgment and to allow the late rejection of the mediation award. This motion was denied.

The *Muntean* Court concluded that, while it is permissible to allow a chief judge to enter an uncontested judgment, being purely an administra-

---

[1] This view no longer reflects the law. See *Muntean, supra,* p 503, n 1.

tive task, that is not the case with motions to set aside judgments:

> But the issue posed by a motion to set aside a judgment or mediation acceptance calls for an exercise of judicial discretion. GCR 1963, 528.3. Unless the assigned judge was absent or otherwise unable to act, her authority over the matter continued to the date of trial, if any. WCCR 6.1(b), *supra; Totzkay v Dubois (After Remand),* 140 Mich App 374; 364 NW2d 705 (1985). [*Muntean, supra,* p 506.]

Without expressing an opinion on whether *Muntean* was correctly decided, we conclude that the rule stated in *Muntean* is not applicable to the case at bar as the two cases are distinguishable.

In the instant case, unlike the situation in *Muntean,* there was no consideration of the motion to set aside judgment, or to allow the late rejection of the mediation award, by the assigned pretrial judge. Rather, the issue was not raised until after the entry of judgment.

We believe that, to the extent possible, a motion to set aside a judgment or order should be considered by the judge who entered the judgment or order.[2] To provide otherwise would be to permit parties to engage in wholesale forum shopping. While there may be circumstances in individual cases which require that the motion to set aside be considered by a different judge than the one who entered the judgment or order, no such circumstances are present here. Chief Judge Dunn was the only judge to have considered the judgment or acceptance of the mediation award or the circum-

---

[2] Obviously this cannot be a hard and fast rule since there will be circumstances where the original judge will be unavailable to consider the motion. Rather, we merely urge that the original judge should consider such motions to the extent possible consistent with the efficient administration of the court.

stances surrounding the failure to timely reject the award. Accordingly, we conclude that defendant's motion to set aside judgment was properly considered by Chief Judge Dunn rather than the assigned pretrial judge.

Next, we must consider whether Judge Dunn erred in denying defendant's motion. Defendant argues that Judge Dunn refused to exercise his discretion in considering defendant's motion and, in essence, automatically denied defendant's motion. We disagree. First, we note that the matter was fully briefed below. Second, there was not only a hearing on defendant's motion, but also a rehearing three weeks later.

Defendant advanced a theory of excusable neglect in support of his motion to set aside judgment. Defendant argued that the attorney who represented him at mediation practiced primarily in Oakland County, was not familiar with the Wayne County local court rule, and mistakenly relied upon GCR 1963, 316.6. In denying defendant's motion, Judge Dunn noted that the notice of the mediation award indicated that rejection must be made within forty days. Judge Dunn advanced similar reasoning in denying defendant's motion for reconsideration. In fact, the circuit court file contains a document, signed by defendant's attorney, which indicates that a failure to reject the mediation award within forty days would result in judgment being entered pursuant to the local court rule.[3]

Although Judge Dunn's ruling may have been a bit terse, we do not believe he abused his discretion in denying defendant's motion. It is clear to

[3] The document was attached to, and "time stamped" the same date as, the mediation evaluation. Thus, it would appear that defense counsel signed the acknowledgment prior to judgment and, most likely, at or prior to mediation.

this Court that defendant's theory of excusable neglect based upon counsel's unfamiliarity with the local court rule was rejected by Judge Dunn. Given defense counsel's stated understanding that local procedure applied, and that GCR 1963, 316.1(b) explicitly states that the local court rule, rather than GCR 1963, 316, applies in the Third Judicial Circuit, it cannot be said that defense counsel's failure to timely reject the award constituted excusable neglect.

Affirmed. Costs to plaintiffs.