**In re David G. ZICK, Debtor.**

**INDUSTRIAL INSURANCE SERVICES, INC., Plaintiff,**

v.

**David G. ZICK, Defendant.**

**Bankruptcy No. 88–06007–G. Adv. No. 88–0955.**

United States Bankruptcy Court, E.D. Michigan, S.D.

May 30, 1989.

Jay L. Welford, Jaffe, Snider, Raitt & Heuer, Detroit, Mich., for plaintiff.

Paul H. Steinberg, Goldstein & Bershad, P.C., Southfield, Mich., for debtor/defendant.

**MEMORANDUM DECISION AND ORDER DENYING SUMMARY JUDGMENT MOTION**

RAY REYNOLDS GRAVES, Bankruptcy Judge.

This adversary proceeding is before the court on plaintiff's motion for partial summary judgment under Bankruptcy Rule 7056. After consideration of the papers filed in this adversary proceeding and in

support of the motion as well as the parties' briefs on the legal issues, the court denies the motion.

This case presents the question whether a plaintiff-creditor who obtains a state court judgment following mediation may preclude the debtor from contesting the extent to which the liability is nondischargeable under the Bankruptcy Code.

In this core proceeding, plaintiff seeks a determination that its claim, evidenced by a $600,000 state court judgment, is nondischargeable in its entirety under section 523(a)(4), section 523(a)(6), section 727(a)(2), section 727(a)(3), or section 727(a)(4). Plaintiff argues that this court's decision in *Brown v. Sachs (In re Brown)*, 56 B.R. 954 (Bankr.E.D.Mich.1986) and principles of res judicata preclude debtor from presenting evidence to challenge the amount of the nondischargeable liability.

Plaintiff submits a brief, a copy of the second amended complaint filed in the state court action, and a copy of the judgment entered in August 1988 in support of its motion. Plaintiff submits no answers, depositions, admissions, settlement agreements, papers relating to the mediation hearing, or transcript from the prior action. Debtor submits no affidavits or exhibits in response to the motion.

In its state-court complaint dated June 8, 1988, plaintiff claimed that debtor's "wilful, wanton, intentional and malicious acts" constituted a breach of certain contractual agreements, an interference with plaintiff's business relationships, acts of trespass, acts of conversion, misappropriation of plaintiff's property and information, and breach of fiduciary duty.

On August 31, 1988, the state court judge entered a partial judgment which stated in pertinent part:

> [I]t appearing that Plaintiff did accept the Mediation recommended amount of $600,000.00 as to Defendant[s], DAVID G. ZICK ...and that same was likewise accepted by said Defendant[s] ...and the Court being duly advised in the premises, IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff herein, INDUSTRIAL INSURANCE SERVICES, INC.... is awarded Judgment against the Defendant[s] DAVID G. ZICK ...in the sum of $600,000.00, which includes all fees, costs and interest to the date of judgment.

Adv. Pro. 88–88–0955, Docket # 54.

Defendant filed a petition under chapter 7 of of title 11 on September 9, 1988. On December 12, 1988, plaintiff filed a complaint to determine the nondischargeability of its state court judgment.

Summary judgment is an appropriate procedure for disposing of an adversary proceeding where there is no genuine issue as to any material fact, and the applicable law entitles the moving party to prevail. *Allard v. Vinci (In re DeLorean Motor Co.)*, 91 B.R. 766 (Bankr.E.D.Mich.1988); Fed.R.Civ.P. 56(c). Plaintiff must show not only the absence of a material and disputed issue of fact but also that the applicable law supports his theory of recovery before the burden moves to debtor to present probative evidence in support of his claims. *First National Bank v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). In addition, the court must scrutinize the moving party's papers closely and must view the materials in the light most favorable to the debtor. *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

A petitioner seeking summary judgment in a section 523(a) proceeding on the basis of a collateral estoppel argument has the additional burden of proving that the requirements of estoppel have been met. *Spilman v. Harley*, 656 F.2d 224, 229 (6th Cir.1981); *Halpern v. First Georgia Bank (In re Halpern)*, 810 F.2d 1061 (11th Cir. 1987); *Balbirer v. Austin*, 790 F.2d 1524, 1528 (11th Cir.1986).

By statute, Congress has extended the reach of the full faith and credit clause of U.S. Const., art. IV. sec. 1 to federal courts. Section 1738 of title 28 provides, in part, that

> [J]udicial proceedings of any court of such State ...shall have the same full faith and credit in every court within the United States and its Territories and Pos-

sessions as they have by law or usage in the courts of such State ... from which they are taken.

Thus, section 1738 directs federal courts to refer to the claim and issue preclusion law of the state in which judgment was rendered when deciding what effect to give the earlier court's judgment. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). After considering the preclusive effect of the earlier judgment under state law, the court must determine whether a federal statute expressly or impliedly creates an exception to the application of section 1738. 470 U.S. at 381, 105 S.Ct. at 1332. See also *Bend v. Eadie (In re Eadie),* 51 B.R. 890, 893 (Bankr.E.D. Mich.1985); *Day v. Manuel (In re Manuel),* 76 B.R. 105 (Bankr.E.D.Mich.1987).

In addition to the statutory requirements which govern this court's determinations of issues arising in section 523 proceedings, this court considers the effect of the United States Supreme Court's decision in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) and the decision of the Court of Appeals for the Sixth Circuit in *Spilman v. Harley, supra.*

Plaintiff in the case at bar obtained a judgment following the parties' acceptance of a mediation award. As defined in Black's Law Dictionary 885 (1979), mediation is

the act of a third person in [intervening] between two contending parties with a view to persuading them to adjust or settle their dispute.

In Michigan, mediation of tort cases is mandatory unless the court finds that mediation in a particular action would be inappropriate. MCR 2.403(A)(2). The procedures are set forth in the court rule. After a hearing, the panel of mediators sends a written "evaluation" to each party's attorney. *Id.* at (K). Each party must file a written acceptance or rejection of the evaluation within twenty-eight days. However, failure to file a rejection within the required time constitutes acceptance. *Id.* at (L). If all parties accept the evaluation, judgment will be entered in that amount,

which includes all fees, costs, and interest to the date of judgment. *Id.* at (M). Nevertheless, acceptance of a mediation award does not imply intent or ability to satisfy the award. *Coolman v. Snider, Inc.,* 129 Mich.App. 233, 240, 341 N.W.2d 484 (1983).

Entry of a judgment based upon acceptance of a mediation award is an administrative or ministerial act involving no exercise of judgment or discretion. *Muntean v. City of Detroit,* 143 Mich.App. 500, 505, 372 N.W.2d 348 (1985). Although the trial court has the discretion to set aside a party's acceptance at any time before entry of judgment on the award, it will exercise its discretion only if failure to do so will result in substantial injustice. *Pelshaw v. Barnett,* 170 Mich.App. 280, 427 N.W.2d 616 (1988); *Liberty v. Michigan Bell Telephone Co.,* 152 Mich.App. 780, 394 N.W.2d 105 (1986).

Under Michigan law, "the parties' acceptance of a mediation award is like a consent judgment ..." *Pelshaw v. Barnett,* 170 Mich.App. 280, 286, 427 N.W.2d 616 (1988). A consent judgment is entered as a reflection of the parties' agreement and, therefore, differs substantially from a litigated judgment. *American Mutual Liability Ins. Co. v. Michigan Mutual Liability Co.,* 64 Mich.App. 315, 327, 235 N.W.2d 769 (1975), *lv. denied,* 395 Mich. 830 (1976).

Because nothing is "adjudicated" between parties to a consent judgment, Michigan courts have not accorded collateral estoppel principles to preclude relitigation of issues resolved through consent judgments. *American Mutual Liability, supra,* at 327, 235 N.W.2d 769. However, as the *American Mutual Liability* court explained, if the parties intend their compromise and settlement to bind them on certain issues of fact and if the consent judgment reflects that intention, collateral estoppel will apply. 64 Mich.App. 315, 327, n. 13, 235 N.W.2d 769.

The *American Mutual Liability* court adopted the analysis of Professor James as presented in his article Consent Judgments as Collateral Estoppel, 108 U.Pa.L.Rev. 173 (1959). 64 Mich.App. 315, 316, 235 N.W.2d

769. Professor James summarized his view of the relationship between consent judgments and collateral estoppel as follows:

> Where the agreement upon which a consent judgment is based is fairly to be construed as providing that the parties should be bound collaterally upon a certain point, that agreement will ...be given effect. An intention to be bound in this way should not however be found unless the language or admissible evidence affirmatively points to it, and such an intention should not be inferred from the circumstance, taken alone, that the agreement or judgment contains a stipulation or recital of the fact's existence.
>
> Where the parties to a consent judgment have not agreed to be thus bound, the rules pertaining to the effect of judgments do not require that they should be....

108 U.Pa.L.Rev. at 193.

Federal courts have considered whether collateral estoppel rules may be applied to preclude relitigation of issues that arise in dischargeability proceedings. *Balbirer v. Austin*, 790 F.2d 1524 (11th Cir.1986); *Halpern v. First Georgia Bank*, 810 F.2d 1061 (11th Cir.1987). In reviewing a bankruptcy court's decision and order granting a summary judgment, the *Halpern* court acknowledged that the requirement of "actual litigation" necessary to issue preclusion would always be missing since the very purpose of a consent judgment is to avoid litigation. Nevertheless, it approved the lower court's decision to accord respect to a consent judgment that "the parties intended [to] operate as a final adjudication of the factual issues contained therein." 810 F.2d at 1064.

The Court of Appeals for the Sixth Circuit recently cited with approval the standard applied by the Fifth Circuit in *Balbirer v. Austin*, *supra*. See *Masters v. Crouch*, 872 F.2d 1248 (6th Cir.1989); 1989 U.S.App. Lexis 5119. The *Balbirer* court agreed with *Spilman v. Harley*, *supra*, that the bankruptcy court must inquire into the record of the prior case and must not consider only the judgment on its face. Specifically, it explained:

> [A] consent judgment cannot constitute estoppel unless the party pleading collateral estoppel proves from the record of the prior case or through extrinsic evidence that the parties intended the consent judgment to operate as a final adjudication of a particular issue.

790 F.2d at 1528.

■ Plaintiff in the case at bar has submitted nothing which persuades the court that the parties intended the partial judgment entered by the state court in August 1988 to establish, in a subsequent action, damages resulting from conversion, fraud, or breach of fiduciary duty. Neither has plaintiff submitted affidavits or exhibits supporting its argument that the actual damages resulting from fraud amounted to $600,000. The court takes judicial notice of the obvious additions to and alterations of the state court judgment. The court also observes that the judgment does not distinguish "fees, costs and interest to the date of judgment" from the mediators' evaluation of the actual damages.

The materials submitted for the court's consideration do not establish that the parties mutually intended to be collaterally bound as to the amount of David Zick's contractual or tort liability. Therefore, the court declines to accord collateral estoppel effect to the August 1988 judgment.

■ However, the state court judgment establishes plaintiff's status as a judgment creditor holding an $600,000 unsecured claim. *In re Brown*, 56 B.R. at 960. Absent proof that the entire debt or some part of it relates to nondischargeable conduct, that pre-petition debt will be discharged. 11 U.S.C. sec. 523(c).

■ Under *Brown v. Felsen*, *supra*, plaintiff may present the state court record, the judgment, and extrinsic evidence to support its argument that debtor should not receive a discharge from this particular debt. However, debtor may also argue that some or all of the debt should be discharged. See *Dodson v. Church (In re Church)*, 69 B.R. 425 (Bankr.N.D.Texas

1987); *Haile v. McDonald (In re McDonald)*, 73 B.R. 877 (Bankr.N.D.Texas 1987). See also *Bender v. Tobman (In re Tobman)*, 96 B.R. 429 (Bankr.S.D.N.Y. 1989). Accordingly, he may obtain discovery relevant to the amount of the nondischargeable liability.

Plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.