### In re James J. KALTZ, Debtor.

**LABORERS' FRINGE BENEFIT FUNDS and Bricklayers' Fringe Benefit Funds, voluntary unincorporated trust funds, Plaintiffs,**

v.

**James J. KALTZ, Defendant.**

Bankruptcy No. 88–06688–G.

Adv. No. 89–0028.

United States Bankruptcy Court, E.D. Michigan, S.D.

May 30, 1989.

Law Offices of Earle I. Erman, Earl I. Erman, Southfield, Mich., for plaintiffs.

Stephen M. Gross, Lindahl & Gross, Birmingham, Mich., for debtor/defendant.

## MEMORANDUM DECISION AND ORDER DENYING SUMMARY JUDGMENT MOTION

RAY REYNOLDS GRAVES, Bankruptcy Judge.

This adversary proceeding is before the court on defendant-debtor's motion for summary judgment, brought under Bankruptcy Rule 7056, against Laborers' Fringe Benefit Funds and Bricklayers' Fringe Benefit Funds. After consideration of the pleadings and other papers filed in this adversary proceeding, copies of judgments attached to Debtor's brief in support of the motion, and the applicable law, the court denies the motion.

This case presents the question whether a debtor may estop a creditor who obtained a federal court judgment reciting debtor's liability as being contractual from presenting evidence to establish the validity of section 523 nondischargeability claims regarding the nature of the debt.

In this core proceeding, plaintiffs seek a determination that their claims, resulting from judgments entered in the United States District Court for the Eastern District of Michigan on June 22, 1988, are nondischargeable under sections 523(a)(2),

(4), and (6) of title 11. In their complaint, plaintiffs claim that certain of Debtor's actions in the conduct of his business constituted willful and malicious injury, fraud or defalcation, and also provide support for their claims that he obtained money under false pretenses. They assert that Debtor indicated, on his employees' paychecks, that certain payments were made which in fact were not made and for which amounts federal income taxes were not paid. Plaintiffs claim that Debtor appropriated the monies to his own use. They further claim that Debtor received certain payments from owners or contractors for plaintiffs' benefit and appropriated those monies to his own use.

Debtor says that principles of res judicata or collateral estoppel preclude plaintiffs from asserting tort claims arising out of the same facts that formed the basis for the June 22, 1988 judgments, judgments that stated his obligations as being based on contractual liability under collective bargaining agreements.

Summary judgment is an appropriate means of disposing of a case when there is no genuine issue as to any material fact, and applicable law entitles the moving party to prevail. *Allard v. Vinci (In re DeLorean Motor Co.),* 91 B.R. 766 (Bankr.E.D. Mich.1988); Fed.R.Civ.P. 56(c). However, the moving party must show conclusively that no genuine issue exists as to any material fact. *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.), *cert. denied,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

■ In deciding a summary judgment motion, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. However, the court must disregard unsupported assertions made on brief, conclusory statements made in affidavits, and assertions made upon information and belief. *Bsharah v. Eltra Corp.,* 394 F.2d 502, 503 (6th Cir.1968). Furthermore, the court must scrutinize the moving party's papers closely and must view the materials in the light most favorable to the opponent. *Adickes v. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 1609–10, 26 L.Ed.2d 142 (1970);

*Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir. 1962).

As the moving party, Debtor must establish the absence of a material and triable issue of fact before the burden moves to plaintiffs to present probative evidence in support of their claims. *First National Bank v. Cities Service Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968). In addition, the applicable law must support Debtor's theory of recovery.

In support of the present motion, Debtor submits only a brief and copies of the judgments entered in June 1988. Debtor submits no pleadings, depositions, admissions, settlement agreements, papers, or transcripts from the prior federal court actions which culminated in the June 1988 judgments. Neither does Debtor submit evidence extrinsic to the judgments and records of the prior suits for this court's consideration.

Examination of the judgment entered in Case No. 87–CV–71937 DT reveals that the parties consented to entry of a stipulated judgment in favor of the Bricklayers' Pension Trust Fund—Metropolitan Area (hereinafter Bricklayers). Counsel for plaintiff and debtor each signed the "Stipulation for Entry of Judgment." The judgment states that debtor's contractual liability under collective bargaining agreements and applicable law extended from January 1985 through May 31, 1989 and amounted to $115,275.47 plus interest from June 17, 1988. There are no statements regarding fraud claims.

In Case No. 87–CV–71677 DT, the district court judge entered a judgment granting the Laborers' Pension Trust Fund—Detroit and Vicinity (hereinafter Laborers) summary judgment motion. Counsel for debtor approved the judgment "as to form." The judgment indicates that the court stated its reasons for granting the judgment on the record on May 26, 1988. The judgment states that the debtor's contractual liability under collective bargaining agreements extended from April 1984 through May 31, 1989 and amounted to $109,025.31 plus interest from May 26,

1988. There are no statements regarding fraud claims.

The doctrine of res judicata or claim preclusion serves the dual interests of encouraging reliance on judicial decisions and barring vexatious litigation. *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). However, by "block-ad[ing] unexplored paths that may lead to truth ... res judicata shields the fraud and the cheat as well as the honest person." *Id.* at 132, 99 S.Ct. at 2209. Therefore, claim preclusion rules are to be "invoked only after careful inquiry." *Id.* at 132, 99 S.Ct. at 2209.

Reasoning that the "mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt" [citation omitted], the United States Supreme Court rejected the application of res judicata in a dischargeability proceeding based on facts similar to the one at bar. *Brown,* 442 U.S. at 138–39, 99 S.Ct. at 2212–13.

In *Brown, supra,* the bankruptcy court considered only the judgment, pleadings, exhibits, and a stipulation that comprised the state court record. The bankruptcy judge refused to consider extrinsic evidence that included a deposition taken during the course of the prior law suit. *Brown,* 442 U.S. at 129–130, 99 S.Ct. at 2208–09. The Tenth Circuit Court of Appeals affirmed saying that the stipulation and the consent judgment entered in the prior suit, neither of which mentioned fraud, established that the debt was dischargeable. *Id.* at 130, 99 S.Ct. at 2208.

The United States Supreme Court reversed, saying that a "careful inquiry" revealed that precluding the creditor from presenting additional evidence to support his fraud claims furthered neither the policies of the Bankruptcy Code nor the interests served by the principles of claim preclusion. *Id.* at 132, 99 S.Ct. at 2209.

Under normal circumstances, res judicata properly "ensures the finality of decisions" and "bars further claims by parties or their privies based on the same cause of action." *Brown,* 442 U.S. at 131, 99 S.Ct. at 2209

[citation omitted]. However, the filing of bankruptcy destroys or "upset[s] the repose that would justify treating the prior ... proceeding as final." *Id.* at 134, 99 S.Ct. at 2211. No longer does the judgment creditor have the same opportunity to execute on his judgment. Rather, the debtor has interposed a new and probably unanticipated defense of a bankruptcy discharge. 11 U.S.C. § 523(c).

■ The reasoning of the Supreme Court in *Brown* is clear and logical. Applying claim preclusion rules in dischargeability proceedings brought under section 523(a) would contravene an underlying policy of the Bankruptcy Code. It would prevent the bankruptcy judge from making an accurate determination whether the debtor actually committed the allegedly nondischargeable acts and further would prevent the federal court judge from making a determination whether the debtor's conduct rose to the level required by the Bankruptcy Code in order to declare the debt nondischargeable.

The Supreme Court has not foreclosed the application of collateral estoppel principles in nondischargeability proceedings. *Brown,* 442 U.S. at 139, f.n. 10, 99 S.Ct. at 2213, n. 10. The Court noted that "collateral estoppel [issue preclusion] treats as final only those questions actually and necessarily decided in a prior suit" [citations omitted]. *Id.*

Debtor mistakenly assumes that Michigan law on res judicata and collateral estoppel applies in this case. Because the prior litigation was brought in federal court, federal and not state rules of res judicata and collateral estoppel apply. *Heiser v. Woodruff,* 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946); *Cemer v. Marathon Oil Co.,* 583 F.2d 830, 831 (6th Cir.1978); *In re El San Juan Hotel Corp.,* 841 F.2d 6, 9 (1st Cir.1988); *Seven Elves v. Eskenazi,* 704 F.2d 241, 243, n. 2 (5th Cir. 1983); Restatement of Judgments 2d. § 87 (1982).

The Sixth Circuit Court of Appeals has decided that "[a]pplying collateral estoppel is logically consistent with the Supreme

Court's decision in *Brown* ..." as long as the requirements of collateral estoppel are met. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir.1981). Under *Spilman*, the bankruptcy judge must determine whether the issue sought to be reconsidered was "actually litigated and was necessary to the decision" in the prior action. *Id.* at 228. Absent a determination that the specific issue was litigated and necessary, the bankruptcy judge must permit the creditor to present evidence in support of his non-dischargeability claim. *Id.* at 229. Indeed, if necessary, the bankruptcy court must obtain the entire trial court transcript and review the record to determine what issues the judgment encompassed. *Wheeler v. Laudani*, 783 F.2d 610, 616 (6th Cir.1986).

Judge Merritt, citing *Spilman*, has set forth four requirements which must be met before a trial court may apply collateral estoppel to prevent further judicial review of an issue. *DPOA v. Young*, 824 F.2d 512 (6th Cir.1987). The requirements are:

(1) the precise issue raised in the present case must have been raised and *actually litigated* in the prior proceeding;

(2) determination of the issue must have been *necessary to the outcome* of the prior proceeding;

(3) the prior proceeding must have resulted in a final judgment *on the merits;* and

(4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*DPOA*, 824 F.2d at 515. [citations omitted] [emphasis added].

In considering a consent judgment, the bankruptcy court may preclude an inquiry into the merits only when it finds the particular consent judgment is an adjudication "on the merits." *United States v. International Building Co.*, 345 U.S. 502, 506, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1953). The party seeking to invoke collateral estoppel "must prove from the record of the prior case or through extrinsic evidence that the parties intended the consent judgment to operate as a final adjudication of a particular issue." *Balbirer v. Austin*, 790

F.2d 1524, 1528 (11th Cir.1986); *accord, Masters v. Crouch*, 872 F.2d 1248 (6th Cir. 1989). See also *United States v. Armour & Co.*, 402 U.S. 673, 682, 91 S.Ct. 1752, 1757, 29 L.Ed.2d 256 (1971); *Russell v. Place*, 94 U.S. 606, 608, 24 L.Ed. 214 (1876); James *Consent Judgments as Collateral Estoppel*, 108 U.Pa.L.Rev. 173 (1959); *Perkins v. Scharffe*, 817 F.2d 392, 393 (6th Cir.1987).

This court concludes that under *Brown v. Felsen, supra,* plaintiffs are not foreclosed from proceeding with their section 523 claims. See also *Frank v. Daley (In re Daley)*, 776 F.2d 834 (9th Cir.1985); *Hovermale v. Pigge (In re Pigge)*, 539 F.2d 369 (4th Cir.1976); *Fidelity & Casualty Co. v. Golombosky*, 133 Conn. 317, 50 A.2d 817 (1946); *American Surety Co. v. McKiearnan*, 304 Mich. 322, 8 N.W.2d 82 (1943).

Further, this court has considered the record submitted and finds no indication that the issues upon which plaintiffs base their claims of nondischargeability were litigated or determined in the prior federal court suits between the parties. Therefore, the court cannot apply collateral estoppel to preclude plaintiffs from presenting evidence at trial.

Accordingly, Debtor's motion for summary judgment is denied.

IT IS SO ORDERED.