**In re Subhash C. KHULLAR, Debtor.**

**SONOGRAPHICS, P.C., Plaintiff,**

v.

**Subhash C. KHULLAR, Defendant.**

Bankruptcy No. 91–02855–G.

Adv. No. 91–0535.

United States Bankruptcy Court,
E.D. Michigan, S.D.

April 8, 1992.

Kevin M. Ball, for plaintiff, Sonographics, P.C.

Harold Silverstein, for defendant, Subhash C. Khullar.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

RAY REYNOLDS GRAVES, Chief Judge.

A hearing was held on January 22, 1992 in the above entitled matter at 9:30 A.M. At the conclusion of the hearing, the Court took the matter under advisement. The Court having reviewed the pleadings and the record, and having heard arguments of counsel, enters the following Order.

The standard for summary judgment is found in Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56(c). The rule states that the movant will be entitled to summary judgment when:

> The pleadings, depositions, answer to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

As stated by the Court in *In re Kaltz*, 100 B.R. 871, 872, (Bankr.E.D.Mich.1989), in adjudicating a Motion for Summary Judgment: "[T]he moving party must show conclusively that no genuine issue exists as to any material fact." See also *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.) *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

The decision to grant or deny the Motion for Summary Judgment in the case at bar hinges on the preclusive effect to be given to a pre-bankruptcy state court liability judgment. Plaintiff contends that collateral estoppel provides an ample basis for the application of summary judgment. The basis for this assertion is as follows:

Prior to the filing of the bankruptcy, Plaintiff sued Debtor in state court and on March 15, 1991 Judge William Bolle of the

District Court rendered a decision in favor of the Plaintiff. This state court suit was based on the wrongful conversion of medical insurance payments by the Debtor which occurred while the Debtor was a principal at Sonographics P.C.

Thereafter, Debtor filed a petition in bankruptcy and on July 23, 1991, this adversary proceeding was commenced, claiming that the debt evidenced in the prior judgment is nondischargeable under 11 U.S.C. § 523(a)(2), (4) and (6). Defendant's Objection to Plaintiff's Motion for Summary Judgment suggest that the Debtor was unable to attend the state court proceedings and that instead of filing an appeal, this bankruptcy proceeding was commenced. Substantial confusion exists as to whether the Debtor did not attend the trial or simply did not testify. The only information this Court has been provided with is excerpts from the state court trial which evidenced that the trial judge went forward with the trial in his discretion, independent of the Debtor's presence or absence. In the limited part of the state court proceeding which discusses Debtor's failure to testify, Judge Bolle states: "I wasn't impressed by that reason." This Court presumes that the state court judge heard the Debtor's reason for failing to testify and went forward without the testimony in his proper discretion. Therefore, this Court is left to conclude that Debtor's absence was not excusable.

In the case of *In re Zick*, 100 B.R. 867, (Bankr.E.D.Mich.1989), this court has previously stated that:

A petitioner seeking summary judgment in a section 523(a) proceeding on the basis of a collateral estoppel argument has the additional burden of proving that the requirements of estoppel have been met. *In re Zick, supra* at 868. *Spilman v. Harley*, 656 F.2d 224, 229 (6th Cir.1981); *Halpern v. First Georgia Bank, (In re Halpern)*, 810 F.2d 1061 (11th Cir.1987); *Balbirer v. Austin*, 790 F.2d 1524, 1528 (11th Cir.1986).

The *Zick* opinion also explains that under the full faith and credit clause of Article IV, Section 1 of the Constitution of the United States and 28 U.S.C. § 1738, the federal courts are directed to refer to the law of the state in which the judgment was rendered when deciding what preclusive effect to give the earlier court's judgment with regard to claim and issue preclusion. *In re Zick, supra* at 868–869, *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

After considering the preclusive effect of the earlier judgment under state law, the court must determine whether a federal statute expressly or impliedly creates an exception to the application of section 1738.

*In re Zick, supra* at 869, *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. at 381, 105 S.Ct. at 1332. See also *Bend v. Eadie (In re Eadie)*, 51 B.R. 890, 893 (Bankr.E.D.Mich.1985); *Day v. Manuel (In re Manuel)*, 76 B.R. 105 (Bankr.E.D.Mich.1987).

Plaintiff, in the cases at bar, obtained a judgment following a protracted trial. Plaintiff's brief in support of the Motion for Summary Judgment quotes sections from the record of the state court proceeding to support the application of collateral estoppel. In the case of *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981), the Sixth Circuit set forth the factors to apply when analyzing whether collateral estoppel should apply in dischargeability proceedings. The court stated the doctrine requires: "that the precise issue in the later proceeding was raised in a prior proceeding; that the issue was actually litigated and that the determination was necessary to the outcome." *Spilman v. Harley, supra* at 228. Therefore, in applying this analysis to the case at bar, if the aforementioned criteria can all be answered in the affirmative, then the state court judgment is entitled to preclusive effect in this dischargeability proceeding.

The answer to the first prong of our analysis is yes, the precise issue was raised in the prior proceeding. The relevant parts of 11 U.S.C. § 523, Exceptions to Discharge, are as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title

does not discharge an individual debtor from any debt—

(2) for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by—

(a) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

In the underlying state court proceeding, the issue of dischargeability was naturally not raised. However, Debtor's conduct which gives rise to the nondischargeability, was fully elaborated and litigated. Plaintiff's brief in support of Motion for Summary Judgment, paraphrases District Court Judge William Bolle who stated: "I think he stole the money. I think that's about as simple as I can put it." This statement, along with other relevant portion of the proceeding in state court for conversion, conclusively show that the precise conduct giving rise to nondischargeability was at issue in the state court proceeding.

The second and third prongs of our analysis are also answered in the affirmative, the issue was actually litigated and its determination was necessary to the outcome. Debtor's conduct which gives rise to the claim of conversion and subsequently to nondischargeability of this debt, were actually litigated and necessary to the determination of the underlying state court proceeding.

Therefore, based upon the doctrine of collateral estoppel as set forth in the aforementioned analysis, there is no genuine issue of material fact and the Plaintiff is entitled to summary judgment as a matter of law.

IT IS SO ORDERED.