PELSHAW v BARNETT

Docket No. 99244. Submitted April 7, 1988, at Detroit. Decided July 20, 1988. Leave to appeal applied for.

Lisa Pelshaw, a minor, was struck by an automobile driven by John Thomas Barnett, sustaining multiple fractures and abrasions to her left leg. Erma Pelshaw, as next friend of Lisa Pelshaw, filed suit against Barnett in Oakland Circuit Court. A mediation hearing was held and an evaluation of $7,500 was made. Both parties timely accepted the evaluation. Plaintiff subsequently filed a motion to set aside her acceptance of the mediation evaluation on the basis that a routine scoliosis screening at school and a follow-up examination by a doctor which indicated that Lisa could have future problems due to a difference in the length of her legs which resulted from her injuries constituted newly discovered evidence entitling plaintiff to set aside the mediation award. The court, James S. Thorburn, J., denied the motion, finding that plaintiff had the opportunity to prepare for mediation but failed to conduct sufficient discovery, and held that the litigation had to be brought to a close. A judgment in favor of plaintiff for $7,500 was entered. Plaintiff appealed.

The Court of Appeals *held:*

1. Even if plaintiff's claim that the evidence was newly discovered is correct, she could have discovered possible resultant back problems by exercising due diligence despite the fact that mediation occurred six months after the suit was filed. Thus, her claim that the discovery of Lisa's scoliosis was newly discovered evidence entitling her to set aside the evaluation pursuant to MCR 2.612(C)(1)(b) is rejected, and the facts of this case do not call for the extraordinary relief of setting aside the judgment pursuant to MCR 2.612(C)(1)(f).

2. The court attempted to strike a balance between the goal of remedying injustice and the desire to achieve finality in

REFERENCES

Am Jur 2d, Infants § 184.
Am Jur 2d, Judgments §§ 679 *et seq.,* 792 *et seq.*
See the Index to Annotations under Arbitration and Award; Vacation and Modification of Judgment or Verdict.

litigation. The court did not abuse its discretion by denying plaintiff's motion.

3. Given the questionable nature of defendant's liability, the diagnosis of slight scoliosis and the speculative need for future treatment, the trial court properly relied on the mediation award and found that it represented a fair disposition of the matter. The fact that the court did not pass on the fairness of the proposed mediation evaluation or observe Lisa in court to assess the nature of the injury does not require remand. The court essentially complied with the requirements of the applicable court rule.

4. In similar future cases, the trial court should conduct a hearing to ensure that the settlement proposal is fair and in the best interest of the minor and require the minor's presence at the hearing to observe the nature and extent of his or her injuries unless it excuses the minor's presence for good cause.

Affirmed.

1. TRIAL — MEDIATION — ACCEPTANCE OF MEDIATION AWARDS — RELIEF FROM JUDGMENT.

A trial court has the discretion to set aside a party's acceptance of a mediation evaluation prior to the entry of judgment upon the award; once the judgment has been entered, it should be set aside only if failure to do so will result in substantial injustice.

2. TRIAL — MEDIATION — RELIEF FROM JUDGMENT — NEWLY DISCOVERED EVIDENCE.

In order for newly discovered evidence to justify setting aside a party's acceptance of a mediation award it must be shown that (1) the evidence is newly discovered, not merely its materiality, (2) the evidence is not merely cumulative, (3) it is likely to change the result, and (4) the moving party could not have produced the evidence at trial with reasonable diligence.

3. TRIAL — MEDIATION — INFANTS — ACCEPTANCE OF MEDIATION AWARDS — COURT RULES.

The court rule governing the procedure to be followed for the entry of a consent judgment or the entry of a dismissal pursuant to settlement in an action brought for a minor by a next friend, guardian, or conservator also applies to acceptance of a mediation award in a case involving a minor (MCR 2.420).

*McBride & Sigman* (by *Barry S. Sigman*), for plaintiff.

*Law Offices of Marvin H. Gadd* (by *Larry W. Hoskins*), for defendant.

Before: GILLIS, P.J., and WAHLS and DOCTOROFF, JJ.

PER CURIAM. Plaintiff, Erma Pelshaw, as next friend of Lisa Pelshaw, a minor, appeals as of right from the trial court's order denying her motion to set aside acceptance of a mediation evaluation and entering judgment in accordance therewith. We affirm.

On July 8, 1985, Lisa was riding her bicycle when she was struck by defendant's car. She sustained multiple fractures and abrasions to her left leg. Plaintiff filed suit against defendant on January 29, 1986. A mediation hearing was held on October 6, 1986, and an evaluation of $7,500 was made. The evaluation reflected the mediators' view that the issue of defendant's liability was problematic despite Lisa's injuries. Both parties timely accepted the mediation evaluation.

On January 27, 1987, plaintiff filed a motion to set aside her acceptance of the mediation evaluation pursuant to MCR 2.612(C)(1)(b) and (f). An amended motion was filed on March 3, 1987. Attached to that motion was an affidavit by Dr. William M. Kohen, who had treated Lisa's original leg injuries. Dr. Kohen stated that he had examined Lisa on December 11, 1986, after a routine scoliosis screening at school indicated that she might have a problem. He concluded that she had a small amount of scoliosis and pelvic obliquity due to a three-centimeter difference in the length of her legs, which resulted from the leg fractures she sustained in the accident. Dr. Kohen opined that the leg length discrepancy might lead to functional or fixed scoliosis, which might cause significant problems in the future, including back problems, which might require future treatment, such as a shoe lift.

The lower court denied plaintiff's motion to set aside her acceptance of the mediation evaluation, finding plaintiff had the opportunity to prepare for mediation but failed to conduct sufficient discovery, and held that the litigation had to be brought to a close. As a result, the court entered judgment against defendant for $7,500. MCR 2.403(M)(1).

A trial court has the discretion to set aside a party's acceptance of a mediation evaluation prior to the entry of judgment upon the award. *MGM Brakes Div of Indian Head, Inc v Uni-Bond, Inc,* 417 Mich 905; 330 NW2d 853 (1983). The judgment on the acceptance should be set aside only if failure to do so will result in substantial injustice. *Hauser v Roma's of Michigan, Inc,* 156 Mich App 102, 104; 401 NW2d 630 (1986); *Muntean v Detroit,* 143 Mich App 500, 511; 372 NW2d 348 (1985). It is the trial court's responsibility to "strike a balance between the goal of remedying injustice, on the one hand, and the desire to achieve finality in litigation, on the other hand." *Muntean, supra,* 511 (quoting 3 Honigman & Hawkins, Michigan Court Rules Annotated [2d ed], p 181). This Court will reverse the decision of the lower court only where there has been an abuse of discretion. *Hauser, supra,* 105.

Plaintiff claims the discovery of Lisa's scoliosis was newly discovered evidence entitling plaintiff to set aside acceptance of the mediation evaluation pursuant to MCR 2.612(C)(1)(b). In order for newly discovered evidence to justify setting aside a party's acceptance of a mediation award it must be shown that

> (1) the evidence is newly discovered, not merely its materiality; (2) the evidence is not merely cumulative; (3) it is likely to change the result; and (4) the moving party could not have produced it at trial with reasonable diligence. [*Hauser, supra,* 106.]

Defendant claims that the discrepancy in the lengths of Lisa's legs was known to plaintiff prior to mediation as evidenced by plaintiff's answers to defendant's interrogatories and the damages portion of plaintiff's mediation statement. We note that in plaintiff's complaint, she alleged:

> That as a direct and proximate result of the negligent acts and/or omissions of the defendant, the minor, Lisa Pelshaw, was caused and will be caused in the future to suffer severe grievous and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, as well as causing her to be injured about the head, body and limbs, suffering injury both externally and internally, and causing her to suffer with bodily pain . . . from the date said injuries were inflicted until the present time, and that she will continue in the future . . . to suffer multiple fractures of the left leg, multiple abrasions, loss and/or diminishment of the strength, use and function of the lower left extremity, *with all attendant residual complications therefrom.* [Emphasis supplied.]

Plaintiff claims that she did not know that back problems might result from the leg injury. Plaintiff does not specifically deny that she knew about the leg discrepancy, but Dr. Kohen's affidavit states: "[U]pon examination [after plaintiff had accepted mediation and after the scoliosis screening], I concluded that she had a 3 cm. leg length discrepancy on clinical measurement."

Even if we accepted plaintiff's claim that the evidence was newly discovered, we agree with the trial court that plaintiff could have discovered possible resultant back problems by exercising due diligence despite the fact that mediation occurred six months after the suit was filed. Thus, plaintiff's claim that the discovery of Lisa's scoliosis was

newly discovered evidence entitling her to set aside the evaluation pursuant to MCR 2.612(C)(1)(b) is rejected, and we do not believe that the instant facts call for the extraordinary relief of setting aside the judgment pursuant to MCR 2.612(C)(1)(f).

The trial court's statements that scoliosis would have been revealed by proper discovery and that litigation must be brought to a close demonstrate that it attempted to strike a balance between the goal of remedying injustice and the desire to achieve finality in litigation. *Hauser, supra.* Thus, contrary to plaintiff's argument, the trial court's statement shows an exercise of discretion rather than an abuse thereof.

Plaintiff also argues MCR 2.420 requires the trial judge to pass on the fairness of the proposed mediation evaluation and observe the minor in court to assess the nature of the injury and not merely to enter judgment upon the parties' mutual acceptance of the mediation evaluation as allowed by MCR 2.403(M)(1).

MCR 2.403(M)(1) provides:

> If all the parties accept the panel's evaluation, judgment will be entered in that amount, which includes all fees, costs, and interest to the date of judgment.

MCR 2.420 provides in part:

> (A) Applicability. This rule governs the procedure to be followed for the entry of a consent judgment or the entry of a dismissal pursuant to settlement in an action brought for a minor by a next friend, guardian, or conservator. Before an action is commenced the settlement of a claim on behalf of a minor is governed by the Revised Probate Code.

(B) Procedure. In actions covered by this rule, a proposed consent judgment or dismissal pursuant to settlement must be brought before the judge to whom the action is assigned and the judge shall pass on the fairness of the proposal.

(1) If the claim is for damages because of personal injury to the minor

(a) the minor shall appear in court personally to allow the judge an opportunity to observe the nature of the injury unless, for good cause, the judge excuses the minor's presence; and

(b) the judge may require medical testimony, by deposition or in court, if not satisfied of the extent of the injury.

We agree with plaintiff that the parties' acceptance of a mediation award is like a consent judgment and, therefore, MCR 2.420 applies, given its purpose of protecting a minor's interest.

We note that plaintiff did not request a hearing pursuant to MCR 2.420 and did not object to the court's failure to conduct one. In fact, plaintiff agreed that entry of judgment was proper because her motion to set aside the mediation had been denied. Again, given the purpose of the rule, we cannot say that plaintiff waived the issue.

Nonetheless, we do not believe that remand is necessary because the trial court essentially complied with MCR 2.420. The court could have excused Lisa's presence because she had recovered from her leg fracture and had resumed her normal activities without restriction. The leg discrepancy and slight scoliosis would not have been visibly apparent to the trial court because Lisa walked without a limp. Moreover, the trial court had Dr. Kohen's affidavit, which described Lisa's condition. Plaintiff concedes that while Lisa's injury was significant, liability was disputed and this was the reason for the low mediation evaluation. We con-

clude that given the questionable nature of defendant's liability, the diagnosis of slight scoliosis and the speculative need for future treatment, the lower court properly relied on the mediation award and found that it represented a fair disposition of the matter.

In similar future cases, to assure that the purpose of MCR 2.420 is served, the lower court should conduct a hearing to ensure that the settlement proposal is fair and in the best interest of the minor and require the minor's presence at the hearing to observe the nature and extent of his or her injuries unless it excuses the minor's presence for good cause.

Affirmed.