COMMIRE v AUTOMOBILE CLUB OF MICHIGAN INSURANCE
GROUP

Docket No. 107502. Submitted December 21, 1989, at Lansing. De-
cided April 16, 1990.

Kenneth Commire was insured by Automobile Club of Michigan
Insurance Group when he had an automobile accident in which
his minor sons, Ronald and Robert Commire, were injured. At
the time Kenneth Commire applied for benefits on behalf of his
sons, he was in the process of divorcing the boys' mother,
although he still lived with the boys in the family home. After
Kenneth Commire moved out of the family home, Auto Club
paid him $7,346.64 on behalf of Ronald and $278 on behalf of
Robert. Kenneth Commire kept the money. Ronald and Robert
Commire then brought an action against Auto Club and Ken-
neth Commire in the 74th District Court to recover the benefits
due, but allegedly never paid. The district court granted plain-
tiffs summary disposition, finding that Auto Club had not
discharged its liability. Defendants appealed and the Bay Cir-
cuit Court, John X. Theiler, J., affirmed. Defendants appealed
by leave granted.

The Court of Appeals *held:*

1. The no-fault benefits were payable to plaintiffs. Auto Club
did not in good faith mistake the party to whom benefits were
payable. Therefore, the section of the no-fault act regarding the
good-faith payment of benefits, MCL 500.3112; MSA 24.13112,
does not operate to discharge Auto Club's liability to plaintiffs.

2. The section of the Revised Probate Code which provides
that a person under a duty to pay money to a minor may
perform such duty, in amounts not exceeding $5,000 per an-
num, by paying or delivering the money to a parent, MCL
700.403; MSA 27.5403, does not require that the parent reside
with the minor in order to receive such payment.

3. Under § 403 of the Revised Probate Code, Auto Club's $278
obligation to Robert Commire and $5,000 of its $7,346.64 obliga-

REFERENCES
Am Jur 2d, Automoblie Insurance § 354; Parent and Child § 40.
See the Index to Annotations under Children; No-Fault Insurance.

tion to Ronald Commire was satisfied by its payment to Kenneth Commire.

4. The case is remanded to district court for entry of a judgment of $2,346.64, plus appropriate interest, costs and fees, for Ronald Commire.

Reversed and remanded.

1. INSURANCE — NO-FAULT — RIGHT TO COLLECT BENEFITS.

The right to collect no-fault insurance benefits accrues to the injured person, even though another person may be legally responsible for the expenses incurred as a result of the injury.

2. PARENT AND CHILD — DEBT TO CHILD — DISCHARGE OF DEBT.

The Revised Probate Code provides that a person who is under a duty to pay or deliver money to a minor may perform this duty, in amounts not exceeding $5,000 per annum, by paying or delivering the money to a parent; there is no requirement that the parent reside with the minor in order to receive such payment for the benefit of the minor (MCL 700.403; MSA 27.5403).

*George R. Phillips,* for plaintiffs.

*Zimostrad & Zimostrad, P.C.* (by *Eric W. Zimostrad),* and *John A. Lydick,* of Counsel, for defendants.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and G. S. ALLEN,* JJ.

MICHAEL J. KELLY, P.J. Defendants appeal from the circuit court's affirmance of a district court grant of summary disposition against defendant Automobile Club of Michigan Insurance Group.

Plaintiffs, Ronald S. Commire and Robert E. Commire, are the minor sons of defendant Kenneth Commire. In June of 1982, both plaintiffs were injured in a single-car automobile accident while their father was driving. Defendant Kenneth Commire was insured by defendant Auto Club. Kenneth Commire applied for payment of plain-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

tiffs' medical expenses by defendant Auto Club. At the time he applied for benefits on plaintiffs' behalf, Kenneth Commire was in the process of divorcing plaintiffs' mother, although he still lived with plaintiffs in the family home. After Kenneth Commire moved out of the family home, Auto Club paid him the medical benefits for plaintiffs. Auto Club paid $7,346.64 on behalf of Ronald Commire and $278 for Robert Commire. Kenneth Commire kept this money instead of giving it to plaintiffs' trustee or guardian.

Plaintiffs sued defendants in district court to recover the benefits due, but allegedly never paid. Both sides moved for summary disposition. Defendant Auto Club claimed it discharged its liability under § 3112 of the no-fault act, MCL 500.3112; MSA 24.13112, as it paid the insurance benefits in good faith to plaintiffs' father. Plaintiffs argued that Auto Club was not discharged under § 3112 and that payment of benefits to defendant Kenneth Commire did not discharge Auto Club's obligations as the payment was not made in accordance with § 403 of the Revised Probate Code, MCL 700.403; MSA 27.5403. The district court granted summary disposition to plaintiffs, finding that defendant Auto Club was not entitled to protection under §§ 3112 or 403. The district court granted judgment to plaintiff Ronald Commire in the amount of $7,346.64 and to plaintiff Robert Commire in the amount of $278, plus interest, costs and fees. Defendants appealed to the circuit court, which affirmed the district court's judgment. Defendants now appeal the circuit court's decision by leave granted.

I

Defendants first argue that Auto Club's obliga-

tion to pay benefits to plaintiffs was discharged by payment of benefits to defendant Kenneth Commire pursuant to § 3112 of the no-fault act. We disagree.

Section 3112 of the no-fault act, MCL 500.3112; MSA 24.13112, provides in relevant part:

> Payment by an insurer in good faith of personal protection insurance benefits, *to or for the benefit of a person who it believes is entitled to the benefits,* discharges the insurer's liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person. If there is no doubt about the proper person to receive the benefits or the proper apportionment among the persons entitled thereto, the insurer, the claimant or any other interested person may apply to the circuit court for an appropriate order. The court may designate the payees and make an equitable apportionment, taking into account the relationship of the payees to the injured person and other factors as the court considers appropriate.

The right to collect no-fault insurance benefits accrues to the injured person, even though another person may be legally responsible for the expenses incurred as a result of the injury. *Geiger v DAIIE,* 114 Mich App 283, 287; 318 NW2d 833 (1982). Thus, the no-fault benefits were payable to plaintiffs under § 3112. Defendant Auto Club did not in good faith mistake the party to whom benefits were payable, as provided for under § 3112. Instead, Auto Club paid plaintiffs' father for the benefits owed plaintiffs. Auto Club was not under the impression that Kenneth Commire was entitled to benefits rather than his sons, so § 3112 does not operate to discharge Auto Club's liability to plaintiffs.

II

Defendants also argue that Auto Club's obligation to pay benefits to plaintiffs was partially discharged under § 403 of the Revised Probate Code. We agree.

Section 403 of the Revised Probate Code, MCL 700.403; MSA 27.5403, provides in pertinent part:

> A person under a duty to pay or deliver money or personal property to a minor may perform this duty, in amounts not exceeding $5,000.00 per annum, by paying or delivering the money or property to the minor, if the minor is married; *a parent* or a person having the care and custody of the minor under a court order and with whom the minor resides; or a guardian of the minor.

Plaintiffs argue that, under § 403, payment is limited to parents with whom the minor actually resides. We disagree. The prior version of § 403, 1978 PA 642, originally provided in pertinent part:

> A person under a duty to pay or deliver money or personal property to a minor may perform this duty, in amounts not exceeding $5,000.00 per annum, by paying or delivering the money or property to the minor, if the minor is married; a person having the care and custody of the minor with whom the minor resides; a guardian of the minor.

This statute did not provide for payments to parents, and so was amended by 1979 PA 51 to include payments to "a parent or a person having the care and custody of the minor under a court order and with whom the minor resides." The present wording of the statute, with the use of the conjunction "or," indicates that there is no requirement that the parent reside with the minor

in order to receive payment up to $5,000 per year for the benefit of that minor.

Defendant Auto Club was under a duty to pay or deliver the money to the minor plaintiffs. Under § 403, Auto Club could perform this duty, up to $5,000 per year, by delivering the money to either one of the minor plaintiffs' parents. Thus, Auto Club's $278 obligation to Robert Commire was satisfied by delivery of that amount to defendant Kenneth Commire. Auto Club paid a total of $7,346.64, in several checks issued from August through December of 1982, to Kenneth Commire for the benefit of plaintiff Ronald Commire. It is undisputed that these payments were all made during 1982. Auto Club's $7,346.64 obligation to Ronald Commire was discharged only up to the amount of $5,000 by Auto Club's payment to Kenneth Commire. Accordingly, Auto Club is entitled to a total discharge of $5,278, and still owes plaintiff Ronald Commire benefits in the amount of $2,346.64. We therefore remand this case to district court for entry of judgment in the amount of $2,346.64 for plaintiff Ronald Commire, plus appropriate interest, costs and fees.

Reversed and remanded for proceedings consistent with this opinion.