SMITH v YMCA OF BENTON HARBOR/ST JOSEPH

Docket No. 181122. Submitted March 13, 1996, at Grand Rapids. Decided May 14, 1996, at 9:00 A.M. Leave to appeal sought.

Christine Smith brought an action in the Berrien Circuit Court against YMCA of Benton Harbor/St. Joseph, seeking damages for injuries received in an accident in the defendant's swimming pool when she was ten years old, contending that a release and indemnity agreement signed by the plaintiff's parents before the plaintiff reached the age of majority and which resulted in a lump-sum payment by the defendant did not bar the action. The trial court, Zoe S. Burkholz, J., disagreed and granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held*:

1. A parent has no authority, merely by virtue of being a parent, to waive, release, or compromise claims by or against the parent's child.

2. MCL 700.403; MSA 27.5403 does not provide parents the authority to compromise their children's claims. MCR 2.420(B)(4) does not demonstrate that the statute affords parents the authority to compromise their children's claims. MCR 2.420(A) supports a holding that a parent has no authority to compromise an unliquidated claim or to liquidate a claim on behalf of a child absent the formal procedures and proper supervision suggested by the court rule.

Reversed and remanded.

1. PARENT AND CHILD — SETTLEMENTS.

A parent generally has no authority, merely by virtue of being a parent, to waive, release, or compromise claims by or against the parent's child.

2. PARENT AND CHILD — SETTLEMENTS.

MCL 700.403; MSA 27.5403 provides a simple procedure for the payment of relatively small liquidated amounts to parents of minors to whom the money is owed and does not provide parents the authority to compromise their children's claims; a parent has no authority to compromise an unliquidated claim or to liquidate a claim on

behalf of a child absent the formal procedures and proper supervision suggested by MCR 2.420(A).

*Benefiel, Farrer & Glista* (by *Fredrick J. Farrer*), for the plaintiff.

*Linsey, Strain & Worsfold, P.C.* (by *Joseph P. Vander Veen*), for the defendant.

Before: SAWYER, P.J., and NEFF and R. D. GOTHAM,* JJ.

NEFF, J. Plaintiff appeals as of right from an order of the circuit court granting summary disposition for defendant, pursuant to MCR 2.116(C)(7), on the basis of a release signed by plaintiff's parents when she was a minor. We reverse and remand for further proceedings.

I

When plaintiff was approximately ten years old, she was injured in defendant's swimming pool when another child dove on top of her. Plaintiff's parents subsequently executed a release and indemnity agreement with defendant that, in pertinent part, purported to release defendant from all causes of action by plaintiff or her parents in exchange for a lump-sum payment of $3,275.

Although defendant paid the sum, plaintiff, on reaching the age of majority, initiated this cause of action, seeking damages for the injuries she received in the accident in the swimming pool. Ultimately, defendant moved for summary disposition, claiming that the release and indemnity agreement signed by plaintiff's parents barred this cause of action. Defend-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ant acknowledged that under common law parents could not compromise claims held by their children, but argued that MCL 700.403; MSA 27.5403 abrogated the common law and allowed such compromises to occur. The trial court agreed and granted summary disposition.

## II

This Court reviews de novo a lower court's determination regarding a motion pursuant to MCR 2.116(C)(7). We review all the affidavits, pleadings, and other documentary evidence submitted by the parties and, where appropriate, construe the pleadings in favor of the plaintiff. *Patterson v Kleiman*, 447 Mich 429; 526 NW2d 879 (1994). A motion under this court rule should be granted only if no factual development could provide a basis for recovery. *Skotak v Vic Tanny Int'l, Inc*, 203 Mich App 616, 617; 513 NW2d 428 (1994).

## A

It is well settled in Michigan that, as a general rule, a parent has no authority, merely by virtue of being a parent, to waive, release, or compromise claims by or against the parent's child. See *McKinstry v Valley Obstetrics-Gynecology Clinic, PC*, 428 Mich 167, 192; 405 NW2d 88 (1987). Although statutory enactments can abrogate the common-law rules, such rules may not be eliminated by implication, and statutes in derogation of the common law must be strictly construed. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 652-653; 513 NW2d 799 (1994).

B

The statute relied on by defendant provides in pertinent part:

> A person under a duty to pay or deliver money or personal property to a minor may perform this duty, in amounts not exceeding $5,000.00 per annum, by paying or delivering the money or property to the minor, if the minor is married; a parent or a person having the care and custody of the minor under a court order and with whom the minor resides; or a guardian of the minor. [MCL 700.403; MSA 27.5403.]

Defendant claims that this statute provides authority to parents to compromise their children's causes of action. We disagree because we find the statute inapplicable to the issue presented. The statute does not provide parents the authority to compromise their children's claims; it merely permits a debtor of a minor to make payments directly to the minor's parents without seeking judicial approval for each payment as long as the aggregate amount of the payments is less than $5,000 a year. In other words, it provides a simple procedure for payment of relatively small *liquidated amounts* to parents of minors to whom the money is owed.

C

Contrary to defendant's argument, we do not find this Court's opinion in *Commire v Automobile Club of Michigan Ins Group*, 183 Mich App 299; 454 NW2d 248 (1990), dispositive of this appeal. In *Commire*, the defendant insurance company argued that it had satisfied its obligation to the minor plaintiffs by paying undisputed insurance claims to the plaintiffs' father. The parties in *Commire* did not dispute the

amount owed by the insurance company; rather, the insurance company merely argued, and this Court agreed, that under MCL 700.403 MSA 27.5403 the payments made to the plaintiffs' parent satisfied its liability up to the $5,000 cap.

Thus, *Commire* dealt only with whether the method of payment of a *liquidated claim* was proper, not whether a parent can compromise a child's claim, thereby creating the liquidated amount. Therefore, this Court's opinion in *Commire* does not assist in resolving the question presented here.

D

We also disagree with the analysis of the trial court that MCR 2.420(B)(4) demonstrates that MCL 700.403; MSA 27.5403 affords parents the authority to compromise their children's claims. To the contrary, MCR 2.420(A) provides that the rule applies only to settlements in cases "brought for a minor by a next friend, guardian, or conservator," which we read as further support for our holding that a parent has no authority to compromise an *unliquidated claim* or to liquidate a claim on behalf of a child absent the formal procedures and proper supervision suggested by the court rule. The obvious basis for such a rule is to ensure that the best interests of the minor are protected by (1) the appointment of a next friend, guardian, or conservator to represent the minor *and* (2) the oversight of the trial court, or probate court, before an action is commenced, to scrutinize any proposal that compromises the minor's rights.

E

Finally, we find support for our holding in *Gomez v Maricopa Co*, 175 Ariz App 469; 857 P2d 1323 (1993). There, the minors' mother authorized other family members to settle claims arising out of the wrongful death of the minors' father. The settlement included annuities purchased by one of the defendants for the minors, which provided monthly payments of $100 until they reached the age of majority and then a lump-sum payment.

The defendant in *Gomez* argued that Ariz Rev Stat 14-5103, a statute similar to MCL 700.403; MSA 27.5403, provided an exception to the common-law rule regarding parental compromise of a child's claim. The Arizona Court of Appeals disagreed. Although the court agreed that the annuity payments could be made to the minors' parent, it found the question presented was not whether the method of payment was correct, but "whether the settlement of the children's claims, which in turn created the [defendant's] duty to make payments, bars [the minors'] wrongful death action." *Gomez, supra* at 472. Ultimately, the Court held:

> The statute is not relevant to the correct procedure for entering into a binding settlement of a minor's wrongful death claim and does not dispense with the need for appointment of a guardian or approval by the court to compromise the minor's claim. [*Id.* at 473.]

We agree with this holding and the reasoning behind it and find that it applies with equal force in Michigan.

III

Accordingly, we conclude that the trial court erred in granting summary disposition for defendant. This matter is reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.