Per Curiam.
 

 Plaintiffs appeal as of right from the trial court’s order granting summary disposition in
 
 *368
 
 favor of defendants pursuant to MCR 2.116(C)(7).
 
 [1]
 
 We affirm.
 

 Plaintiff Michael Stanton was injured when he was struck by a forklift driven by defendant Allan Maynard Howard, an employee of defendant city of Battle Creek. Michael Stanton filed suit, alleging that defendants were negligent in operating and maintaining the forklift. Michael Stanton’s wife, plaintiff Joy Stanton, alleged a loss of consortium claim. Defendants moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10), on the basis that plaintiffs’ claims were barred by governmental immunity. The trial court agreed that plaintiffs’ claims were barred by governmental immunity, and granted summary disposition in favor of defendants.
 

 Plaintiffs first argue that the trial court erred in concluding that a forklift was not a “motor vehicle” for the purposes of MCL 691.1405; MSA 3.996(105), which provides a motor vehicle exception to governmental immunity. We disagree. This issue presents a question of statutory construction, which we review de novo.
 
 Michigan Basic Property Ins Ass’n v Ware,
 
 230 Mich App 44, 48; 583 NW2d 240 (1998).
 

 The motor vehicle exception to governmental immunity, MCL 691.1405; MSA 3.996(105), provides:
 

 Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental
 
 *369
 
 agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948.
 

 The statutes to which the motor vehicle exception refers for the definition of “motor vehicle,” MCL 257.1; MSA 9.1801 to MCL 257.923; MSA 9.2623, comprise the Michigan Vehicle Code. Before July 10, 1995, § 33 of the Vehicle Code, MCL 257.33; MSA 9.1833, defined a “motor vehicle” as “every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from over-head trolley wires, but not operated upon rails.” In addressing a claim brought under the owner’s liability statute of the Vehicle Code, MCL 257.401; MSA 9.2101, the Michigan Supreme Court construed this definition of a motor vehicle to include industrial equipment, such as front-end loaders and forklifts.
 
 Mull v Equitable Life Assurance Society,
 
 444 Mich 508, 518-519; 510 NW2d 184 (1994).
 

 However, effective July 10, 1995, the Legislature amended § 33 of the Vehicle Code to provide:
 

 “Motor vehicle” means every vehicle that is self-propelled, but for purposes of chapter 4 of this act[
 
 2
 
 ] motor vehicle does not include industrial equipment such as a forklift, a front-end loader, or other construction equipment that is not subject to registration under this act.[
 
 3
 
 ] [MCL 257.33; MSA 9.1833.]
 

 
 *370
 
 With respect to the 1995 amendment, the Historical and Statutory Notes following § 33 of the Vehicle Code explain:
 

 This amendatory act is curative, expressing the original intent of the legislature that the term “motor vehicle” as defined in section 33 of the Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being section 257.33 of the Michigan Compiled Laws, does not include industrial equipment such as a forklift, a front-end loader, or other construction equipment that is not subject to registration under this act. This amendatory act applies to all disputes currently pending within the courts as of the date of enactment of this amendatory act.
 

 Plaintiffs assert that the 1995 amendment changed the definition of “motor vehicle” for the purposes of chapter four of the Vehicle Code only. Plaintiffs argue that, because the instant action was not brought under chapter four of the Vehicle Code, but was brought under the motor vehicle exception to governmental immunity, MCL 691.1405; MSA 3.996(105), the industrial equipment exclusion from the definition of a motor vehicle does not apply to the instant case
 

 The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature.
 
 Frankenmuth Mut Ins Co v Marlette Homes, Inc,
 
 456 Mich 511, 515; 573 NW2d 611 (1998). The first criterion in determining legislative intent is the specific language of the statute.
 
 House Speaker v State Administrative Bd,
 
 441 Mich 547, 567; 495 NW2d 539 (1993). If the plain and ordinary meaning of a statute is clear, judicial construction is normally neither necessary nor permitted.
 
 Lorencz v Ford Motor Co,
 
 439 Mich 370, 376; 483 NW2d 844 (1992). However, if reasonable minds can differ with respect
 
 *371
 
 to the meaning of a statute, judicial construction is appropriate.
 
 Adrian School Dist v Michigan Public School Employees’ Retirement System,
 
 458 Mich 326, 332; 582 NW2d 767 (1998). Furthermore, apparently plain statutory language can be rendered ambiguous by its interaction with other statutes.
 
 People v Denio,
 
 454 Mich 691, 699; 564 NW2d 13 (1997), citing Sands, Sutherland Statutory Construction, § 46.04, pp 86-87. Here, judicial construction is appropriate because, while the language of MCL 691.1405; MSA 3.996(105) appears clear, it becomes ambiguous when its interaction with the Michigan Vehicle Code is considered. We further note that, because MCL 691.1405; MSA 3.996(105) provides an exception to governmental immunity, it must be narrowly construed.
 
 Wade v Dep’t of Corrections,
 
 439 Mich 158, 166; 483 NW2d 26 (1992).
 

 The rules of statutory construction support the trial court’s conclusion that the definition of “motor vehicle” applicable to chapter four of the Vehicle Code should be applied to the motor vehicle exception to governmental immunity. First, the motor vehicle exception to governmental immunity and the owner’s liability statute in chapter four of the Vehicle Code, MCL 257.401; MSA 9.2101, share a common purpose in that they were both enacted for the purpose of imposing liability on the owners of vehicles.
 
 Haberl v Rose,
 
 225 Mich App 254, 263; 570 NW2d 664 (1997). Thus, the statutes are in pari materia and must be read together.
 
 State Treasurer v Schuster,
 
 456 Mich 408, 417; 572 NW2d 628 (1998). Furthermore, the primary rule of statutory construction is that statutes must be construed reasonably, keeping in mind the intent of the Legislature.
 
 Barr v Mt Brighton Inc,
 
 215
 
 *372
 
 Mich App 512, 516; 546 NW2d 273 (1996). Here, the most reasonable construction of the statutes at issue requires that the definition of “motor vehicle” used in chapter four of the Vehicle Code be applied to the motor vehicle exception to governmental immunity. Chapter four of the Vehicle Code deals with civil liability for owners and operators of motor vehicles. The remainder of the Vehicle Code deals with licensing and registration of motor vehicles and traffic laws. Because actions brought pursuant to the motor vehicle exception to governmental immunity seek to hold the government civilly liable for injuries caused by motor vehicles that the government owns and operates, we believe the Legislature intended that the definition of “motor vehicle” provided in chapter four of the Vehicle Code, rather than the chapters governing licensing, registration, and traffic laws, should apply to the motor vehicle exception to governmental immunity.
 

 In addition, statutes must be construed to avoid absurd or illogical results.
 
 Gross v General Motors Corp,
 
 448 Mich 147, 164; 528 NW2d 707 (1995). The 1995 amendment of § 33 of the Vehicle Code specifically exempted industrial equipment from the definition of a motor vehicle for the purposes of chapter four of the Vehicle Code. Excluding industrial equipment from the definition of a motor vehicle for the puipose of chapter four of the Vehicle Code, while including it within the definition of a motor vehicle for the puiposes of the governmental immunity statute, would produce inconsistent and unreasonable results. In such a situation, an individual could recover damages for injuries caused by industrial equipment owned by the government pursuant to
 
 *373
 
 MCL 691.1405; MSA 3.996(105), but could not recover damages under chapter four of the Vehicle Code for injuries caused by industrial equipment that was privately owned. We do not believe the Legislature intended such a result. Thus, we conclude that the trial court correctly determined that a forklift is excluded from the definition of “motor vehicle” for the purposes of the motor vehicle exception to governmental immunity. Accordingly, the trial court properly granted summary disposition of plaintiffs’ claims with respect to defendant city of Battle Creek pursuant to MCR 2.116(C)(7).
 

 Plaintiffs next argue that, even if the 1995 amendment of MCL 257.33; MSA 9.1833 applies to the motor vehicle exception to governmental immunity, the retroactive application of the 1995 amendment to the instant case violates their due process rights by depriving them of vested rights. We disagree. This issue presents a question of law, which we review de novo.
 
 Cardinal Mooney High School v Michigan High School Athletic
 
 Ass’n, 437 Mich 75, 80; 467 NW2d 21 (1991).
 

 Generally, statutory amendments are presumed to operate prospectively.
 
 Cipri v Bellingham Frozen Foods, Inc,
 
 213 Mich App 32, 37; 539 NW2d 526 (1995). However, where the Legislature has expressly or impliedly indicated its intent to give retroactive effect or where the statutes are remedial or procedural in nature, the general presumption of prospectivity does not apply.
 
 Cipri, supra.
 
 A statute is remedial or procedural if it is designed to correct an existing oversight in the law or redress an existing grievance, or is intended to reform or extend existing rights.
 
 Macomb Co Professional Deputies Ass’n v Macomb
 
 
 *374
 

 Co,
 
 182 Mich App 724, 730; 452 NW2d 902 (1990). Clearly, the 1995 amendment of MCL 257.33; MSA 9.1833 was remedial in that it was intended to clarify the Legislature’s intent with respect to the definition of a motor vehicle, in response to our Supreme Court’s decision in
 
 Mull, supra.
 
 Because the amendment was intended to cure a judicial misinterpretation and did not impair final judgments, the retroactive application of the remedial amendment did not violate plaintiffs’ due process rights.
 
 Romein v General Motors Corp,
 
 436 Mich 515, 537-538; 462 NW2d 555 (1990).
 

 Finally, plaintiffs argue that the trial court erred in granting summary disposition with respect to their claims against defendant Allan Maynard Howard because reasonable minds could differ with respect to whether Howard was grossly negligent. We disagree. A trial court’s decision regarding a motion for summary disposition pursuant to MCR 2.116(C)(7) is reviewed de novo.
 
 Smith v YMCA of Benton Harbor/St Joseph,
 
 216 Mich App 552, 554; 550 NW2d 262 (1996). We review the affidavits, pleadings, and other documentary evidence submitted by the parties and, where appropriate, construe the pleadings in favor of the plaintiff.
 
 Id.
 
 A motion for summary disposition pursuant to MCR 2.116(C)(7) should be granted only if no factual development could provide a basis for recovery.
 
 Id.
 

 A
 
 governmental employee is not immune from tort liability for injuries to persons caused by the employee while in the course of employment if the employee’s actions amount to gross negligence that is the proximate cause of the injury. MCL 691.1407(2)(c); MSA 3.996(107)(2)(c). “Gross negli
 
 *375
 
 gence” is defined as “conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.” MCL 691.1407(2)(c); MSA 3.996(107)(2)(c);
 
 Lindberg v Livonia Public Schools,
 
 219 Mich App 364, 368; 556 NW2d 509 (1996). Summary disposition is precluded where reasonable jurors honestly could have reached different conclusions with respect to whether a defendant’s conduct amounted to gross negligence.
 
 Harris v Univ of Michigan Bd of Regents,
 
 219 Mich App 679, 694; 558 NW2d 225 (1996). However, where, on the basis of the evidence presented, reasonable jurors could not differ with respect to whether a defendant was grossly negligent, summary disposition should be granted.
 
 Id.
 

 Here, the trial court properly determined that, on the basis of the evidence presented, reasonable minds could not differ with respect to whether Howard’s conduct amounted to gross negligence. Howard’s deposition testimony indicated that he had a problem with the brakes on the forklift at least one time before the accident giving rise to the instant case, but that the brake problem occurred only once out of every ten to twenty times he used the forklift. Howard’s testimony indicated that he had informed the city’s equipment department of the brake problem. While there was evidence that Howard did not have a valid license to operate the forklift at the time of the accident, there was no evidence that he was, in any other way, unqualified to operate the forklift. In our view, reasonable minds could not conclude from the evidence presented that Howard’s acts constituted “conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.” Thus,
 
 *376
 
 the trial court did not err in granting summary disposition with respect to plaintiffs’ claims against defendant Howard.
 

 Affirmed.
 

 [1]
 

 The order granting summary disposition does not indicate under which subrule of MCR 2.116 the trial court granted summary disposition. However, because the trial court looked beyond the pleadings and granted summary disposition on the basis of res judicata, we will presume that the trial court granted summary disposition pursuant to MCR 2.116(C)(7).
 

 [2]
 

 Chapter four of the Vehicle Code, MCL 257.401
 
 et seq.;
 
 MSA 9.2102
 
 et seq.,
 
 governs civil liability of owners and operators of motor vehicles.
 

 [3]
 

 The statute was further amended by 1997 PA 56, effective July 1,1997, by the addition of the following sentence: “Motor vehicle does not include an electric patrol vehicle being operated in compliance with the electric patrol vehicle act.”