652 N.W.2d 529 (2002)
252 Mich. App. 566
Thornell BOWDEN, a Minor, by his Next Friend, Renee Rawls, and Renee Rawls, Individually, and Thornell Bowden, Sr., Individually, Plaintiffs-Appellants,
v.
HUTZEL HOSPITAL, Defendant-Appellee.
Docket No. 230057.
Court of Appeals of Michigan.
Submitted May 15, 2002, at Detroit.
Decided August 23, 2002, at 9:15 a.m.
Released for Publication October 29, 2002.
*530 Spencer & Maston, LLP (by Gilbert G. Spencer and Bruce M. Maston), Albany, NY, for the plaintiffs.
Willmarth, Tanoury, Ramar, Corbet, Graves & Shaw (by John M. Perrin and Elizabeth L. Sokol), Detroit, for the defendant.
Before: MURPHY, P.J., and JANSEN and KIRSTEN FRANK KELLY, JJ.
KIRSTEN FRANK KELLY, J.
Plaintiffs appeal as of right from an order approving a settlement agreement in this medical malpractice action arising out of the birth of Thornell Bowden, Jr. who suffered a brain injury and severe neonatal complications. We reverse and remand for further proceedings consistent with this opinion.

I. Basic Facts and Procedural History
As a result of defendant's alleged malpractice, plaintiff, Thornell Bowden Jr. (Thornell), experienced excessively prolonged fetal distress that caused severe and permanent injury to his brain upon his birth. Renee Rawls (Rawls), Thornell's mother, was appointed as his next friend, so that she might commence suit on his behalf. Rawls and Thornell Bowden Sr. (Bowden), the child's father, retained the law firm of Mindell, Panzer, Kutinsky and Benson, which, through Thomas Mulcahy, filed a lawsuit against defendant hospital on their behalf and on behalf of their minor son.
The case proceeded to discovery and mediation. The mediators returned a mediation evaluation of $1 million in plaintiffs' favor, which the parties did not accept. Ultimately, the parties agreed to have a retired judge facilitate the case. On May 11, 2000, the judge returned an award in plaintiffs' favor for $1.245 million. In addition, the award also provided for the establishment of a special needs trust that protected all of Thornell's governmental benefits. The facilitator's award required court approval. All parties to the facilitation approved the award, including Rawls and Bowden. After extensive consultation with their attorney and weighing all of the risks inherent in proceeding to trial, Rawls and Bowden signed the facilitation award.
However, shortly thereafter, Rawls and Bowden became dissatisfied with the award. On advice from a friend, Rawls and Bowden contacted Gilbert Spencer, of the Spencer and Maston law firm in New York. Apparently, after reviewing some documentation, Spencer opined that the case was worth much more than the facilitation award reflected and that he could procure a greater recovery.
*531 In the interim, Mulcahy filed a motion for the court's approval of the settlement. On June 21, 2000, plaintiffs signed and served Mulcahy with a letter discharging his firm. The letter further directed him to relinquish plaintiffs' files to Spencer's law firm and to withdraw the motion to approve the settlement that had been submitted in the trial court. Also on June 21, 2000, the guardian ad litem representing Thornell's interests filed a report and recommendation approving the settlement agreement, but one day later the guardian wrote Mulcahy a letter withdrawing his previous recommendation.
Despite the letter ostensibly discharging him, Mulcahy nevertheless appeared before the trial court on June 23, 2000, and informed the court of the facilitated settlement as well as of his clients' wish to substitute attorneys. Mulcahy strenuously urged the trial court to enter an order approving the facilitation award, maintaining that it was in Thornell's best interests. Neither Rawls nor Bowden appeared at this hearing. Nevertheless, the trial court declined to allow substitution of counsel and made a finding that the facilitated award served Thornell's best interests. After expressly reserving the possibility of taking testimony from Rawls and Bowden, the trial court entered an "Order Approving Settlement on Behalf of Thornell Bowden, a Minor," which order effectuated the terms of the facilitation award.
A hearing pursuant to a show cause proceeding initiated by Spencer to have his law firm formally undertake representation was held before the trial court on June 30, 2000. During this hearing, the trial court heard testimony from both Rawls and Bowden wherein they both indicated that at the time that they signed the facilitation award, they both believed that it was in Thornell's best interests. At the close of the hearing, without observing the injuries sustained by the minor child for purposes of assessing the propriety of the ultimate award, the trial court once again found that the facilitation award served Thornell's best interests. Consistent with its ruling, the trial court granted plaintiffs' request for substitution of counsel, approved the facilitation award, and dismissed the case. The trial court denied plaintiffs' motion to vacate its orders dated June 23, 2000, and June 30, 2000, approving the settlement and effectuating its terms. Plaintiffs appeal as of right.

II. MCR 2.420
Although contract principles govern settlement agreements, a settlement agreement is not enforceable if it does not also satisfy the requirements of any relevant court rule. Michigan Mut. Ins. Co. v. Indiana Ins. Co., 247 Mich.App. 480, 484-485, 637 N.W.2d 232 (2001).
MCR 2.420 governs entries of settlements in an action brought on behalf of a minor or otherwise legally incapacitated person by a next friend. MCR 2.420(A). Subsection B delineates the procedure for entry of a judgment on a proposed settlement for the benefit of a minor and provides in pertinent part:
In actions covered by this rule, a proposed consent judgment, settlement, or dismissal pursuant to settlement must be brought before the judge to whom the action is assigned and the judge shall pass on the fairness of the proposal.
(1) If the claim is for damages because of personal injury to the minor...,
(a) the minor ... shall appear in court personally to allow the judge an opportunity to observe the nature of the injury unless, for good cause, the judge excuses the minor's ... presence, and
(b) the judge may require medical testimony, by deposition or in court, if not satisfied of the extent of the injury.

*532 (2) If the next friend ... is a person who has made a claim in the same action and will share in the settlement or judgment of the minor ... then a guardian ad litem for the minor ..., must be appointed by the judge before whom the action is pending to approve the settlement or judgment.
(3) If a next friend ... has been appointed by a probate court, the terms of the proposed settlement or judgment may be approved by the court in which the action is pending upon a finding that the payment arrangement is in the best interests of the minor.... [MCR 2.420(B) (emphasis added).]
Recognizing that "a parent has no authority to compromise an unliquidated claim or to liquidate a claim on behalf of a child absent the formal procedures and proper supervision suggested by the court rule," it is self-evident that MCR 2.420 seeks to protect an interested minor child's rights in settlement of a claim. Smith v. YMCA of Benton Harbor/St. Joseph, 216 Mich.App. 552, 556, 550 N.W.2d 262 (1996) (emphasis omitted). With that fundamental purpose in mind, the procedures outlined in subsection B are thus designed to maintain the integrity of the process through which guardians and other individuals work toward settling claims on a minor's behalf in a manner commensurate with the minor's best interests.
Because serving the best interests of the minor is of paramount concern, where a next friend acting on a minor's behalf brings a claim in the same action and thus stands to benefit from the settlement, then according to MCR 2.420(B)(2), the court "must" appoint a guardian ad litem to represent the minor's legal interests and thus secure the minor's best interests during any and all proceedings. According to court rule, once appointed, the guardian ad litem "shall conduct an investigation and shall make a report in open court or file a written report of the investigation and recommendations." MCR 5.121(C). Though perhaps inadmissible pursuant to the formal rules of evidence, the court "may" consider and rely on the report to the extent of its probative value with respect to the issue presented to the court for review and ultimate disposition. MCR 5.121(D). The court rule does not indicate that the court "must" or "shall" rely on the information contained therein.
In other words, the guardian ad litem's recommendation is not dispositive; the court's decision is. Because the guardian ad litem represents the minor child, the guardian is the child's legal advocate for purposes of the proceedings, and if the guardian does not agree with the terms of the settlement, then the court may set the matter for a full evidentiary hearing, take testimony from the guardian, make an independent determination regarding whether the settlement serves the minor child's best interests, and then "pass on the fairness of the proposal" in accord with MCR 2.420(B).
In the instant case, the guardian withdrew his recommendation approving the settlement. However, instead of setting the matter for an evidentiary hearing, the trial court, in complete derogation of MCR 2.420(B), proceeded to enter a judgment on the signed settlement agreement and thus bound the minor child to the terms of the agreement without an independent assessment of whether the resultant agreement was "fair" and thus served the minor child's best interests. The terms contained in MCR 2.420 are clear and unambiguous. Any proposed consent judgment "must be brought" before the court so that the judge might pass upon the fairness of the proposal. MCR 2.420(B). Moreover, when the claim is for damages arising from a personal injury, the court rule provides *533 that the minor must appear to permit the court to observe the nature and extent of the injuries so that the court may evaluate the fairness of the proposal in light of the injuries sustained. We would point out that the mandatory language contained in MCR 2.420 imparts that the procedures delineated in subsection B are not mere suggestions.
In the case sub judice, the trial court neither held a hearing to determine whether the settlement served the minor's best interests nor did it require that the minor appear in court or otherwise state, on the record, the good cause underlying its decision to excuse the minor's presence. Instead, after determining to go forward with placing the terms of the settlement agreement on the record, the trial court made a terse statement that the settlement agreement served the minor's best interests. A terse statement of the ultimate issue without a hearing to determine its factual underpinnings is not a proper "finding" for purposes of determining whether a settlement serves the best interests of the minor.
With respect to this point, we recount the situation in Pelshaw v. Barnett, 170 Mich.App. 280, 427 N.W.2d 616 (1988), mod 431 Mich. 910, 433 N.W.2d 77 (1988), wherein this Court affirmed the trial court's order declining to set aside an acceptance of a mediation evaluation by an individual acting as next friend of a minor in an action seeking damages for personal injury. In Pelshaw, supra at 286, 427 N.W.2d 616, this Court found that a parties' acceptance of a mediation award is akin to a consent judgment, thus triggering application of MCR 2.420 "given its purpose of protecting a minor's interest."
In that case, this Court specifically noted that the plaintiff did not request a hearing pursuant to MCR 2.420(B) and did not otherwise object when the court failed to conduct such a hearing. Notwithstanding the absence of a hearing, this Court concluded that remanding the case was unnecessary because the trial court "essentially complied" with MCR 2.420(B). Pelshaw, supra at 286, 427 N.W.2d 616. Our Supreme Court did not agree and, in a subsequent order entered in lieu of granting leave to appeal, expressed that disagreement by modifying this Court's judgment, remanding the case to the trial court, and further directing the trial court to "conduct a hearing to determine if the settlement ... is fair and in the minor's best interest as provided in MCR 2.420(B)." See Pelshaw v. Barnett, 431 Mich. 910, 433 N.W.2d 77 (1988).
Certainly, it would be wise to avoid replicating prior errors. Because the trial court did not hold a hearing to assess whether the proposed settlement served the minor child's best interests but rather proceeded in utter disregard for the procedures contained in MCR 2.420(B), we thus remand to the trial court with the instruction to conduct a hearing and therein determine whether the proposed, signed agreement purporting to settle the minor child's claims is fair and serves the minor child's best interests.[1]
*534 Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
JANSEN, J., concurred.
MURPHY, P.J. (concurring in part and dissenting in part).
I write separately because although I agree with the majority regarding most of the issues presented, I would find that before a new hearing to approve the settlement can be conducted, the guardian ad litem is required to approve the settlement. Without the guardian ad litem's approval, no hearing can take place under MCR 2.420(B).
A parent has no authority to compromise a disputed claim or to settle a claim on behalf of a child absent the formal procedures and proper supervision required by MCR 2.420, which governs a settlement for a minor. Smith v. YMCA of Benton Harbor/St. Joseph, 216 Mich. App. 552, 556, 550 N.W.2d 262 (1996). Consequently, parents can enter into a binding settlement agreement on behalf of their minor child, however, only if it conforms to the formal procedures and proper supervision required by MCR 2.420(B). Smith, supra at 556, 550 N.W.2d 262. MCR 2.420(B)(2) states:
If the next friend ... is a person who has made a claim in the same action and will share in the settlement or judgment of the minor ..., then a guardian ad litem for the minor ..., must be appointed by the judge before whom the action in pending to approve the settlement or judgment. [Emphasis added.]
In the present case, the next friend is plaintiff Rawls, the mother of Thornell Bowden, Jr., and Rawls also filed suit individually. Rawls was appointed next friend on March 26, 1999. Thus, according to MCR 2.420(B)(2), the guardian ad litem, Joseph Buttiglieri, needed to approve the settlement before court approval of the settlement. The rationale behind an appointment of a guardian ad litem when the next friend is also a parent is to further the best interests of the minor by reducing the conflicting interests that occur when a parent sues on behalf of their minor child, but also stands to gain from the settlement agreement. See Smith, supra at 556, 550 N.W.2d 262. The Smith panel indicated that oversight by the trial court alone is not sufficient, and that a guardian must also ensure the best interests of a minor child. Id. I believe that the guardian ad litem stands in the shoes of the minor for purposes of settlement, and like any party to a lawsuit, before a settlement is finalized between all the parties, all the parties must agree to the settlement agreement. This includes the minor through his guardian ad litem, where the next friend might be guided by self interest instead of the best interests of the minor. MCR 2.420(B)(2). Without such approval, there can be no settlement.
I respectfully disagree with the majority's reliance on the general rules of pleading and practice in the probate court, specifically MCR 5.121. MCR 5.121(D)(1) indicates that reports from guardians may be received and may be relied on by the court; however, MCR 2.420, which specifically addresses settlements involving minors, as opposed to general rules of probate, mandates that a guardian ad litem be appointed "to approve the settlement." MCR 2.420(B)(2).[1] *535 The majority's opinion would nullify this requirement based on a conflicting court rule. In essence, the majority is ruling that the trial court can ignore a guardian ad litem's disapproval of a settlement, leaving the question of why then appoint a guardian in the first place. The majority's interpretation of MCR 2.420(B)(2) would render it meaningless, and this Court must avoid interpretations that would render any part of a court rule surplusage or nugatory. Yudashkin v. Holden, 247 Mich.App. 642, 652, 637 N.W.2d 257 (2001).
A fundamental rule of court rule construction is that when a general provision is in conflict with a specific provision, the specific rule prevails. See People v. McEwan, 214 Mich.App. 690, 695, 543 N.W.2d 367 (1995). Here, MCR 2.420 controls, as opposed to MCR 5.121, because it is the more specific rule. The rules governing statutory interpretation apply equally to the interpretation of court rules. Yudashkin, supra at 649, 637 N.W.2d 257. If the plain and ordinary meaning of the language is clear, then judicial construction is neither necessary nor permitted, and unless explicitly defined, every word or phrase should be accorded its plain and ordinary meaning, considering the context in which the words are used. Id. at 649-650, 637 N.W.2d 257. The language of MCR 2.420(B)(2) is clear and unambiguous, and it requires approval of the guardian ad litem.
In the present case, Buttiglieri withdrew his report approving the settlement agreement on June 22, 2000. Therefore, absent approval from Buttiglieri, the settlement agreement entered into by plaintiffs was and is not enforceable because it failed to satisfy the requirements of MCR 2.420(B)(2).
I would reverse the order of the trial court and remand the matter to the trial court with the instruction that a hearing with respect to the approval of the settlement can proceed only if the guardian ad litem approves the settlement. Without such approval, the case should remain open and proceed accordingly.
NOTES
[1] Plaintiffs also present a myriad of arguments, all of which evince an attempt to challenge the validity and enforceability of the settlement agreement. In light of our resolution, we need not address at length those arguments because it is evident to us that the trial court abused its discretion by proceeding with a hearing regarding the approval of the previously executed settlement agreement, where plaintiffs wished to argue that the settlement was not in the child's best interests, where plaintiffs' attorney proceeded with the hearing to approve in direct contravention of his clients' position and wishes, and where plaintiffs' new counsel was not allowed to timely substitute for previous counsel in order to present plaintiffs' new position. See In re Conley, 216 Mich.App. 41, 45-46, 549 N.W.2d 353 (1996); see also Ambrose v. Detroit Edison Co., 65 Mich.App. 484, 488-489, 237 N.W.2d 520 (1975). Plaintiffs were entitled to a full and fair hearing with counsel of their choosing to set forth their position and explain their concerns.
[1] MCR 2.420(A) provides:

This rule governs the procedure to be followed for the entry of a consent judgment, a settlement, or a dismissal pursuant to settlement in an action brought for a minor or a legally incapacitated individual by a next friend, guardian, or conservator or where a minor or a legally incapacitated individual is to receive a distribution from a wrongful death claim. Before an action is commenced, the settlement of a claim on behalf of a minor or a legally incapacitated individual is governed by the Estates and Protected Individuals Code [EPIC]. [Emphasis added.]
The settlement here occurred after an action was commenced; therefore, EPIC and the probate court rules would not govern unless directly referenced in MCR 2.420.