Murphy, R J.
(concurring in part and dissenting in part). I write separately because although I agree with the majority regarding most of the issues presented, I would find that before a new hearing to approve the settlement can be conducted, the guardian ad litem is required to approve the settlement. Without the guardian ad litem’s approval, no hearing can take place under MCR 2.420(B).
A parent has no authority to compromise a disputed claim or to settle a claim on behalf of a child absent the formal procedures and proper supervision required by MCR 2.420, which governs a settlement for a minor. Smith v YMCA of Benton Harbor/St Joseph, 216 Mich App 552, 556; 550 NW2d 262 (1996). Consequently, parents can enter into a binding settlement agreement on behalf of their minor child, how *577 ever, only if it conforms to the formal procedures and proper supervision required by MCR 2.420(B). Smith, supra at 556. MCR 2.420(B)(2) states:
If the next friend ... is a person who has made a claim in the same action and will share in the settlement or judgment of the minor. . ., then a guardian ad litem for the minor . . ., must be appointed by the judge before whom the action in pending to approve the settlement or judgment. [Emphasis added.]
In the present case, the next friend is plaintiff Rawls, the mother of Thomell Bowden, Jr., and Rawls also filed suit individually. Rawls was appointed next friend on March 26, 1999. Thus, according to MCR 2.420(B)(2), the guardian ad litem, Joseph Buttiglieri, needed to approve the settlement before court approval of the settlement. The rationale behind an appointment of a guardian ad litem when the next friend is also a parent is to further the best interests of the minor by reducing the conflicting interests that occur when a parent sues on behalf of their minor child, but also stands to gain from the settlement agreement. See Smith, supra at 556. The Smith panel indicated that oversight by the trial court alone is not sufficient, and that a guardian must also ensure the best interests of a minor child. Id. I believe that the guardian ad litem stands in the shoes of the minor for the purpose of settlement, and like any party to a lawsuit, before a settlement is finalized between all the parties, ail the parties must agree to the settlement agreement. This includes the minor through his guardian ad litem, where the next friend might be guided by self interest instead of the best interests of the minor. MCR 2.420(B)(2). Without such approval, there can be no settlement.
*578 I respectfully disagree with the majority’s reliance on the general rules of pleading and practice in the probate court, specifically MCR 5.121. MCR 5.121(D)(1) indicates that reports from guardians may be received and may be relied on by the court; however, MCR 2.420, which specifically addresses settlements involving minors, as opposed to general rules of probate, mandates that a guardian ad litem be appointed “to approve the settlement.” MCR 2.420(B)(2).[1] The majority’s opinion would nullify this requirement based on a conflicting court rule. In essence, the majority is ruling that the trial court can ignore a guardian ad litem’s disapproval of a settlement, leaving the question of why then appoint a guardian in the first place. The majority’s interpretation of MCR 2.420(B)(2) would render it meaningless, and this Court must avoid interpretations that would render any part of a court rule surplusage or nugatory. Yudashkin v Holden, 247 Mich App 642, 652; 637 NW2d 257 (2001).
A fundamental rule of court rule construction is that when a general provision is in conflict with a specific provision, the specific rule prevails. See People v McEwan, 214 Mich App 690, 695; 543 NW2d 367 *579 (1995). Here, MCR 2.420 controls, as opposed to MCR 5.121, because it is the more specific rule. The rules governing statutory interpretation apply equally to the interpretation of court rules. Yudashkin, supra at 649. If the plain and ordinary meaning of the language is clear, then judicial construction is neither necessary nor permitted, and unless explicitly defined, every word or phrase should be accorded its plain and ordinary meaning, considering the context in which the words are used. Id. at 649-650. The language of MCR 2.420(B)(2) is clear and unambiguous, and it requires approval of the guardian ad litem.
In the present case, Buttiglieri withdrew his report approving the settlement agreement on June 22, 2000. Therefore, absent approval from Buttiglieri, the settlement agreement entered into by plaintiffs was and is not enforceable because it failed to satisfy the requirements of MCR 2.420(B)(2).
I would reverse the order of the trial court and remand the matter to the trial court with the instruction that a hearing with respect to the approval of the settlement can proceed only if the guardian ad litem approves the settlement. Without such approval, the case should remain open and proceed accordingly.

 MCR 2.420(A) provides:
This rule governs the procedure to be followed for the entry of a consent judgment, a settlement, or a dismissal pursuant to settlement in an action brought for a minor or a legally incapacitated individual by a next friend, guardian, or conservator or where a minor or a legally incapacitated individual is to receive a distribution from a wrongful death claim. Before an action is commenced, the settlement of a claim on behalf of a minor or a legally incapacitated individual is governed by the Estates and Protected Individuals Code [epic]. [Emphasis added.]
The settlement here occurred after an action was commenced; therefore, epic and the probate court rules would not govern unless directly referenced in MCR 2.420.